UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEBIYU SHEFREW SOLOMAN, 10227616,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL CARDENAS, et al.,<br><br>Defendant(s). | Case No. 23-cv-02044-CRB  (PR)<br><br>**ORDER STAYING PROCEEDING AND ADMINISTRATIVELY CLOSING CASE** |

Plaintiff, a pretrial detainee at the Sonoma County Jail in Santa Rosa, California, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that on December 28, 2021 City of Petaluma police officer Rafael Cardenas and police sergeant Parnow unlawfully arrested him and searched and seized evidence from his person and car which now is being unlawfully used against him in pending criminal proceedings in Sonoma County Superior Court.  Plaintiff seeks damages and declaratory/injunctive relief.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id. at 487.

Heck's rule for deferred accrual applies only if there is an existing conviction, however.  Wallace v. Kato, 549 U.S. 384, 393 (2007).  That "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside" goes "well beyond Heck." Id. at 393 (emphasis in original).  Nonetheless, if a plaintiff files a "false arrest claim before he has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94.

The court takes judicial notice that state criminal proceedings related to plaintiff's December 28, 2021 arrest are pending against him in Sonoma County Superior Court.  See People v. Soloman, No. SCR-751256-1.  Accordingly, a stay of this federal proceeding under the rationale of Wallace is in order.  If plaintiff is later convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the case may proceed.  Wallace, 549 U.S. at 394.[1]

---

[1]Plaintiff may challenge a state court conviction in federal court solely by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies.  See

**CONCLUSION**

Good cause appearing, the instant federal proceeding is STAYED, and the case is ADMINISTRATIVELY CLOSED. Nothing further will take place in this matter until the state criminal proceedings against plaintiff come to an end and, within thirty (30) days thereafter, plaintiff moves to reopen the case, lift the court's stay, and amend the complaint.

The clerk is instructed to administratively close the case.

**IT IS SO ORDERED**.

Dated: June 22, 2023

_____
CHARLES R. BREYER
United States District Judge

---

Calderon v. Ashmus, 523 U.S. 740, 747 (1998).